Ganske et ux v. Spence, et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-315-CV

     JARY GANSKE AND SHIRLEY GANSKE,
                                                                              Appellants
     v.

     DONNA SPENCE, 
     AS INDEPENDENT EXECUTOR
     OF THE ESTATE OF 
     WAYMAN R. SPENCE, DECEASED,
                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 2000-1745-3
                                                                                                                

CONCURRING OPINION
                                                                                                                

      I arrive at the same conclusion as the majority—that the judgment should be affirmed. I
write separately to explain our differences.
      By addressing the propriety of the Ganskes’ summary judgment evidence before
determining whether the contract is ambiguous, the majority implies that their summary
judgment evidence could affect that decision. Extraneous evidence is not admissible for the
purpose of creating an ambiguity. Nat’l Union Fire Ins. Co. v. CBI Industries, Inc., 907
S.W.2d 517, 520 (Tex. 1995). Thus, we should consider the Ganskes’ first issue—involving
whether the agreement was ambiguous—first. The plain language reveals that “such parties
released in this Article” refers to the Ganskes and the WRS parties. Therefore, “other
persons” does not refer to the Ganskes and the WRS parties. Accordingly, as a matter of law
the clause was not ambiguous. Under this provision, the Ganskes are not entitled to attorney’s
fees in the disputed case because that claim was brought by WRS Group, Ltd. (successor to
WRS Group, Inc.), who was a WRS party and therefore not an “other person.” 
      Because the agreement is unambiguous, the summary judgment evidence offered by the
Ganskes was inadmissible to either create an ambiguity or to contradict or vary its terms.
      Agreeing with the result reached by the majority but not the method of analysis, I concur
in affirming the judgment.
 
                                                                       BILL VANCE
                                                                       Justice


Concurring opinion delivered and filed January 28, 2004